UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

MIGUEL A. PIETRI,

        Plaintiff,

v.

AMAZON.COM.DEDC, LLC,

        Defendant.

## COMPLAINT

Plaintiff MIGUEL A. PIETRI ("Plaintiff") sues Defendant AMAZON.COM.DEDC, LLC ("Defendant") and alleges:

### NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendant, including his wrongful, retaliatory discharge in violation of Section 440.205 of the Florida Statutes and his discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12010 *et. seq.* ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 42 U.S.C. § 12010 *et. seq.*

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district; because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar; because all or a substantial part of the events or omissions giving rise to this cause of action took

place in this judicial district; and because the employment records of Plaintiff are stored or have been administered in this judicial district.

3.     Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the law of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

4.     At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

5.     At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4) and Fla. Stat. § 440.02(15),

6.     At all times material, Plaintiff was a "qualified person" as defined by 42 U.S.C. § 12111(8).

7.     At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

8.     Defendant conducts business throughout the United States of America. Specifically, it maintains a business at 15600 N.W. 15th Av., Miami, FL 33169, where Plaintiff used to work.

9.     At all times material, Defendant was a "person" and "employer" as defined by 42 U.S.C. § 12111(5); Fla. Stat. § 760.02(7); and § 440.02(16).

10.    At all times material, Defendant employed fifteen (15) or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the applicable statute, ADA and the FCRA.

11. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has complied with all conditions precedent in filing this action, to wit;

   a. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission, Miami District Office, on September 25, 2018.

   b. Plaintiff received a Notice of Right to Sue as to all charges of discrimination and retaliation on October 25, 2018. This action is being filed more than 180 days after the Plaintiff filed his charge of discrimination.

13. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. At all times relevant, Plaintiff was employed by Defendant as a warehouse receiver and distribution merchandise from October 5, 2017 until January 12, 2018.

15. Plaintiff performed his work admirably and was never reprimanded.

16. On or about December 12, 2017, Plaintiff suffered a work-related injury, namely, Plaintiff injured his right shoulder, neck, forearm, and thumb when he lifted a bag weighing over fifty (50) pounds from the floor to a carrier cart. The injury happened while Plaintiff was working for the Defendant.

17. The injury alleged above required medical treatment and Plaintiff was forced to attend physical therapy frequently for such injuries.

18. The following day, on or about December 13, 2017, Plaintiff reported the accident to his immediate manager, JERRY (ULN) ("Jerry"), and requested medical treatment.

19. On or about December 14, 2017, Plaintiff discussed the incident with Defendant's safety manager, CAMILLE MARQUESS ("Marquess"), and Defendant's workers' compensation carrier liaison, JACOBI SMITH. After this discussion, Marquess informed Plaintiff that that they "have no work for someone working with one arm." Plaintiff thereafter requested an accommodation, but his request was ultimately denied.

20. Defendant then notified Plaintiff that he was prohibited from returning to work due to his injuries, but that he would still accrue "negative points" towards his employment evaluations.

21. Plaintiff returned to work on several occasions to discuss his return to work in a different position that would accommodate his disability, but Defendant failed to conform and rejected Plaintiff's request.

22. Plaintiff also spoke to an employee in the Human Resources department, STEPHANIE MEATH ("Meath"), in an attempt to resolve his employment status, but Meath simply instructed Plaintiff to "speak with [his] manager."

23. On or about January 10, 2018, while still undergoing therapy, Defendant notified Plaintiff that his "voluntary resignation due to job abandonment" was effective on January 11, 2018.

**COUNT I: RETALITORY DISCHARGE UNDER FLA. STAT. 440.205**

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out full herein.

25. At all times relevant, Plaintiff was employed by Defendant as a warehouse receiver and distribution merchandise.

26. On or about December 12, 2017, Plaintiff suffered a work-related injury, namely, he injured his right shoulder, neck, forearm, and thumb when carrying a fifty (50) pound bag.

27. The injury alleged above occurred while Plaintiff was working for Defendant.

28. The injury alleged above required medical treatment.

29. Shortly after the work-related accident, Plaintiff reported his injuries to Defendant, requested medical treatment, and spoke to his managers, and Defendant's workers' compensation carrier and Human Resources department.

30. In response, Defendant informed Plaintiff that they "have no work for someone working with one arm."

31. Defendant then discharged Plaintiff and did not allow him to re-commence work for Defendant.

32. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

33. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

34. A motivating factor, which caused Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat.

§§ 440 *et. seq*. In other words, Plaintiff would not have been fired but for his claiming workers' compensation benefits as described above.

35. Defendant's discharge of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

36. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

37. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the moment his case his finally adjudicated; front wages; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

### COUNT II: VIOLATION OF THE FCRA – HANDICAP DISCRIMINATION

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out full herein.

39. Plaintiff suffered a work-related injury, namely, injuries to his right shoulder, neck, forearm, and thumb.

40. Defendant engaged in unlawful discrimination against Plaintiff because of Plaintiff's handicap and/or Defendant's perception of his handicap in violation of the FCRA when Defendant refused to allow Plaintiff return to work but continued to allot negative points towards his employment evaluation and then further when Defendant failed to assign Plaintiff a different position.

41. Due to Defendants actions, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

42. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

43. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

44. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

B. Grant injunctive relief ordered by the court enjoining and permanently restraining these violations of the FCRA by Defendant;

C. Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

  F. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by FCRA; and

  G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III: VIOLATION OF THE FCRA – HANDICAP RETALIATION**

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out full herein.

46. Defendant's termination of Plaintiff was due to Plaintiff's complaints regarding the disparate treatment he was subjected to due to his handicap.

47. Defendant retaliated against Plaintiff in violation of the FCRA.

48. The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

49. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

50. As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

  A. Enter a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

8

B. Grant injunctive relief ordered by the court enjoining and permanently restraining these violations of the FCRA by Defendant;

C. Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by FCRA; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT IV VIOLATION OF ADA BY DEFENDANT –
DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE**

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out full herein.

52. Plaintiff's injuries to his right shoulder, neck, forearm, and thumb qualify as disabilities within the meaning of the ADA. The accommodations requested by Plaintiff in asking for a different position were reasonable.

53. At all times material, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations.

54. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff when it failed to accommodate and terminated Plaintiff. Because of Plaintiff's

disability, and/or perceived disability, Defendant discriminated against him in violation of the ADA.

55. At all times material, Defendant was aware of Plaintiff's disability conditions.

56. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

B. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

C. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT IV VIOLATION OF ADA BY DEFENDANT – RETALIATION**

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out full herein.

58. At all times material, Defendant was aware of Plaintiff's disability conditions.

59. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of his disability, and/or perceived disability in violation of the ADA. Defendant retaliated against Plaintiff by discharging him because of his request for a different position as an accommodation for his disability conditions.

60. Defendant's termination of Plaintiff was in retaliation for his protected activity under the ADA, namely, for requesting a reasonable accommodation in the form of a different position to accommodate his disabilities.

61. Defendant willfully violated the ADA or acted with reckless disregard for whether their actions were prohibited.

62. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

    B. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

  C. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

  D. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

  E. Award Plaintiff prejudgment interest on his damages award;

  F. Award Plaintiff reasonable costs and attorney's fees; and

  G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 2, 2019.      Respectfully submitted,

             By: **/s/ R. Martin Saenz**
             R. Martin Saenz, Esq.
             Fla. Bar No.: 640166
             SAENZ & ANDERSON, PLLC
             20900 NE 30th Avenue, Ste. 800
             Aventura, Florida 33180
             Telephone: (305) 503-5131
             Facsimile: (888) 270-5549

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180       Facsimile: 888.270.5549

12